IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD R. PALLETT,       )</br>                                    )</br>            Plaintiff,      )</br>                                    )</br>        v.                          )</br>                                    )</br>RICHARD R. JOHNSON,   )</br>                                    )</br>            Defendant.  )  | 4:06cv3078</br></br>MEMORANDUM AND ORDER |

This matter is before the court on Filing Nos. 8 and 11, the Motions to Dismiss filed by the United States of America. The plaintiff, Donald E. Pallett, seeks a return of assets levied upon by the Internal Revenue Service ("IRS"), and he also seeks to enjoin the IRS from collecting any additional funds from him. The IRS levied upon the plaintiff's social security check for September 2005 in the amount of $124.95. The record indicates[1] that the defendant, Richard R. Johnson, an IRS Operations Manager of Collections in Fresno, California, issued the Notice of Levy which preceded the collection activity protested by the plaintiff.

**BACKGROUND**

The plaintiff reports that on June 4, 2004, he received a "Notice of Failure to File and Deficiency" from the IRS regarding income tax owed for calendar year 1999, plus interest and penalties. On June 10, 2004, he protested the Notice by explaining his views in a letter to the IRS. Additional correspondence followed.

The plaintiff's views may be summarized as follows: First, the plaintiff has filed no income tax return (which he refers to as "assessment" or "self-assessment") since 1975.

---

[1] See letter of March 6, 2006 from the Taxpayer Advocate Service to the Honorable E. Benjamin Nelson, United States Senator (Filing No. 1-2 at 25).

In the plaintiff's view, the IRS cannot proceed with collection activity without an assessment and a recorded lien; a tax on income is a direct tax that is invalid absent apportionment; the government lacks power to impose income taxes on individuals; and only corporations may owe income taxes. The plaintiff is not incorporated or doing business in any corporate capacity, and thus, he contends that he cannot owe income taxes. He also contends that the Sixteenth Amendment to the United States Constitution applies only to corporations; and that "income," within the meaning of the Sixteenth Amendment and the Internal Revenue Code means the same as the word meant in the Corporation Excise Act of 1909 and does not include compensation for labor, *i.e.*, wages.

As the plaintiff's arguments concerning the invalidity of the income tax laws applied to him have all been struck down by the courts,[2] the IRS proceeded with its Notice of Deficiency; estimated the income tax owed by the plaintiff for 1999, and on or about August 15, 2005, issued a Notice of Levy signed by Mr. Johnson. After the IRS levied on the plaintiff's social security check for September 2005, the plaintiff filed this action on March 31, 2006. In June of 2006, the United States, on behalf of the named defendant, moved

---

[2]For example, the income tax laws of the United States do apply to income earned by individuals, not just corporations. Jones v. Commissioner, 338 F.3d 463, 466 (5th Cir. 2003). "[W]ages are within the definition of income under the Internal Revenue Code and the Sixteenth Amendment, and are subject to taxation." United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993), cert. denied, 510 U.S. 1193 (1994). Accord United States v. Connor, 898 F.2d 942, 943 (3d Cir. 1990) ("Every court which has ever considered the issue has unequivocally rejected the argument that wages are not income."). The Sixteenth Amendment does not authorize only excise taxes but instead imposes a tax on "all income," and "the tax on wages is constitutional." Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir. 1986). The Sixteenth Amendment removed from the United States Constitution "the apportionment requirement of Art. I, sec. 2, cl. 3 from taxes on 'incomes, from whatever source derived.'" Id. at 71.

for dismissal of this case on the basis of Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, invoking sovereign immunity.

## UNITED STATES AS A PARTY

The plaintiff questions the appearance of the United States as a party in this action, as the plaintiff names only Mr. Johnson, the IRS agent who issued the Notice of Levy, as a defendant. As a matter of law, an employee of a governmental entity has two capacities for purposes of litigation against that person for acts performed in the course of employment. In his *individual* capacity, the liability of Mr. Johnson himself, as a person, and his own assets are at stake.

On the other hand, a suit against a public employee in his or her *official* capacity is actually a suit against the public employer. See Kentucky v. Graham, 473 U.S. 159, 165 (1985), *quoting* Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978): "Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Thus, a suit against an official of the federal government in that person's official capacity is considered a suit against the United States. Searcy v. Donelson, 204 F.3d 797, 798 (8th Cir. 2000), cert. denied, 531 U.S. 898 (2000); Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998).

When, as in this case, a complaint does not expressly state that a public employee is sued in his or her individual capacity, the law presumes that the defendant is sued *only* in an official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings). Therefore, the United States is a

party to this action because, as Mr. Johnson's employer, the United States is substituted for Mr. Johnson, in his official capacity, for the conduct of Mr. Johnson in the scope of his official duties.[3]

## SOVEREIGN IMMUNITY

"Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued .... This consent must be unequivocally expressed in statutory text ... and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." Miller v. Tony and Susan Alamo Foundation, 134 F.3d 910, 915 (8th Cir. 1998). Thus, the question is whether the plaintiff has brought an action within the limitations of a recognized waiver of sovereign immunity.

## 28 U.S.C. § 1346

The plaintiff cites 28 U.S.C. § 1346(a)(1), which states:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws; ....

However, 28 U.S.C. § 1346(a)(1), like 28 U.S.C. § 1331 (the general federal question jurisdictional statute), is merely a jurisdictional provision and does not confer any

---

[3] As discussed in this Memorandum and Order, even if the plaintiff were to amend his complaint to sue Mr. Johnson in his individual capacity, substantial obstacles would remain as to jurisdiction and prospective causes of action. In addition, in his individual capacity, a government employee is entitled to assert immunities from suit.

substantive rights enforceable against the United States for monetary relief. DeVilbiss v. Small Business Administration, 661 F.2d 716, 718 (8th Cir. 1981).

On the other hand, the Internal Revenue Code does create substantive causes of action applicable to aggrieved taxpayers. See, e.g., 26 U.S.C. §§ 7422 and 7433.

26 U.S.C. § 7422: Civil actions for refund

When the IRS estimated the plaintiff's tax liability and issued a Notice of Deficiency, the IRS assessed the tax. "Self-assessment" is not the only form of assessment which may precede a levy, or the IRS would be without a remedy in the event of a taxpayer's failure to file a tax return.

Now that the IRS has seized his assets, the United States argues that the plaintiff should "commence a refund suit" after fulfilling the requirements of such an action (Filing No. 12 at 5). 26 U.S.C. § 7422 provides for a refund of taxes improperly collected. However, the suit for refund "may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative." 26 U.S.C. § 7422(f)(1).

In addition, a plaintiff must fulfill certain procedural requirements before suit, such as timely filing of an administrative claim for a refund with the IRS. See 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.").

Finally, an action for a refund in this court is barred for the additional reason that full payment of the tax asserted to be due has not been made before commencement of this action. Absent such prepayment, the claim fails. Curry v. United States, 774 F.2d 852, 854-55 (7th Cir. 1985) (full payment before suit is a jurisdictional prerequisite).

26 U.S.C. § 7433: Civil actions for wrongful collection

26 U.S.C. § 7433(b) permits the recovery of damages from an officer or employee of the IRS who "recklessly or intentionally, or by reason of negligence disregards" the tax laws or regulations and engages in unauthorized collection activities. Id. § 7433(a). However, 26 U.S.C. § 7433(d)(1) states: "Requirement that administrative remedies be exhausted.--A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."

"The United States is free to place restrictions on its consent to be sued." Bruce v. United States, 759 F.2d 755, 758 (9th Cir. 1985), citing United States v. Mitchell, 445 U.S. 535, 538 (1980). At a minimum, both § 7422 and § 7433(b) require administrative claims, which the defendant contends the plaintiff failed to file, as a precondition to suit. The plaintiff does not contest that he filed no administrative claim. Therefore, he has no civil claims under the Internal Revenue Code which he may assert pursuant to the jurisdictional statute on which he relies, 28 U.S.C. § 1346(a)(1).

Declaratory Judgment

Under the statutory provisions for a declaratory judgment, a federal district court has no power to enter a declaratory judgment "with respect to Federal taxes," with a limited

exception for declaratory relief under 26 U.S.C. § 7428 regarding certain charitable organizations. See 28 U.S.C. § 2201(a).

Damages and Injunctive Relief

Similarly, the Anti-Injunction Act, 26 U.S.C. § 7421(a), prohibits lawsuits "for the purpose of restraining the assessment or collection of any tax ...." In addition, the jurisdictional bar of sovereign immunity operates when a suit threatens to impose liability on the United States for money or property or to engender some form of coercive injunctive relief. See, *e.g.*, Dugan v. Rank, 372 U.S. 609, 620 (1963): "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' Land v. Dollar, 330 U.S. 731, 738 ... (1947), or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' Larson v. Domestic & Foreign Corp., *supra*, 337 U.S. at 704 ... ; Ex parte New York, 256 U.S. 490, 502 ... (1921)."

Federal Tort Claims Act

Although the United States has consented to suit under the Federal Tort Claims Act ("FTCA"), the FTCA does not provide a remedy to the plaintiff. Under the FTCA, the United States waives its sovereign immunity for damages claims regarding "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

7

However, 28 U.S.C. § 2680(c) precludes suit under the FTCA for "[a]ny claim arising in respect of the assessment or collection of any tax." In addition, even if this action could somehow be construed to involve an injury or loss not relating to the assessment or collection of a tax, the plaintiff does not allege compliance with the administrative claim requirement which is a prerequisite to filing a claim under the FTCA. See 28 U.S.C. § 2675(a) (no action shall be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his office or employment, unless the claimant shall have **first** presented the claim to the appropriate Federal agency . . . .).

"Bivens" Action

Even if the plaintiff amended his complaint to bring a "Bivens action" against Mr. Johnson personally, substantial obstacles would remain as a bar to this litigation. A Bivens action may be maintained against a federal officer in the officer's individual capacity for his or her constitutional tort(s). See Bivens v. Six Unknown Named Agents, 403 U.S. 388, 395-97 (1971), in which the Supreme Court recognized that damages may be obtained for constitutional injuries inflicted by individual federal officials.

However, the Eighth Circuit Court of Appeals has not allowed a Bivens action for alleged violation of due process in the context of tax assessment and collection. See Vennes v. An Unknown Number of Unidentified Agents, 26 F.3d 1448, 1453-54 (8th Cir. 1994), cert. denied, 513 U.S. 1076 (1995). Accord Hudson Valley Black Press v. IRS, 409 F.3d 106 111-14 (2d Cir. 2005). In light of 26 U.S.C. § 7433, the statutory cause of action to remedy tax collection violations, and "[b]ecause of the complex remedial scheme that

8

Congress has created, and the plain indication that the failure of Congress to provide a remedy for injuries arising from tax assessment was not inadvertent, every circuit that has considered the appropriateness of a Bivens remedy in the taxation context has uniformly declined to permit one." Id. at 111, 113. "The collection of taxes would become 'chaotic if a taxpayer could bypass the remedies provided by Congress simply by bringing a damage action against Treasury employees. It is hard enough to collect taxes as it is; additional obstructions are not needed.'" Id. at 113-14 (citation omitted).

None of the foregoing discussion constitutes an adjudication on the merits regarding whether the plaintiff owes any tax. However, because the plaintiff has failed to establish an explicit waiver of sovereign immunity in this case, the court concludes that the defendant's Motions to Dismiss must be granted. Consequently, judgment will be entered dismissing the plaintiff's complaint, without prejudice, for lack of subject matter jurisdiction.

THEREFORE, IT IS ORDERED:

1. That Filing Nos. 8 and 11, the defendant's Motions to Dismiss, are granted;

2. That the plaintiff's complaint and this action are dismissed, without prejudice, for lack of subject matter jurisdiction; and

3. That judgment will be entered accordingly.

Dated this 18th day of October, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge